## T. T. SHREVE *v.* D. J. CROSS.

Depositions—Notice to Take—Service—Affidavit Against Officers Return—Laches.

It is at best but the affidavit against the official oath of the officer with the intrinsic probabilities in favor of the latter. As the deposition had probably been on file for months it was great laches in the defendant not to have known it.

APPEAL FROM JEFFERSON CIRCUIT COURT.

September 24, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Shreve was sued for work and labor, varnish and paints, done and furnished on his house and furniture by Cross, a verdict and judgment were rendered for $127.13, which the court refused to disturb and which he seeks to reverse. There were no instructions, but after trial Shreve filed his own affidavit that he knew nothing of Williams deposition being taken, which was read and constituted an important part of the evidence. That no notice had been served on him though one returned executed by Rutlege a deputy constable was attached thereto.

Rutlege made affidavit that he was executing some notices on Shreve for Cross to stop some pay of other mechanics in his hands and that he delivered these over to Cross when Cross a day or so after returned saying, here is a notice you forgot to make a return on, and he then wrote and signed a return of executed and that he believes this to be the same; that he did not execute a notice to take depositions. Shreve says nothing of any notices being executed on him to stop wages. This deposition was taken May 25, preparatory to the next trial day, when the suit was at Shreve's instance continued over to September and was not tried until the 18th of that month. It may be fairly presumed the deposition had been lodged at least before the first trial day, by the rules, though the record does not, as it should, show this as well as the notice which is also absent.

It is at best but the affidavit against the official oath of the officer with the intrinsic probabilities in favor of the latter, as

Shreve did not mention the notices spoken of by the officer he likely had forgotten them or else the officer was mistaken and no such notices were really executed but this notice to take depositions. As the deposition had probably been on file for months it was great *laches* in the defendant not to know it and give his counsel the proper information, nor does his affidavit disclose any necessity for his absence at the time of trial. The reasons are too slender for a reversal over the head of the judge who tried the case. Wherefore the judgment is *affirmed*.

*Harris & Hagan, for appellant.*

*Cochran, for appellee.*